CIRCUIT COURTS. 203

C. K. of A. Hall Co. v. The Lloyd Bros. Co. et al.

## LIENS—INTERPLEADER.

[Lucas Circuit Court, February 5, 1897.]

Haynes and King, JJ.

THE C. K. OF A. HALL CO. THE LLOYD BROS. CO., ET AL.

PRIORITY OF CLAIMS.

Where the plaintiff in erecting a building has a contract with the builder which provides that the latter must pay all the claims for labor and materials named in the construction of the building, and it appears that the contractor executed two orders to the L. Bros. on the building fund still unpaid, and also an order to R., who received his order in connection with a verbal order before the L. Bros. received their orders, and both claims being presented for payment, the plaintiff filed a bill of interpleader to ascertain how the balance of the building fund remaining unpaid was to be distributed : *Held*—First, that the costs in this court, together with the costs incurred by plaintiff in the common pleas in bringing the parties into court, are to be paid ; second, the claim of R. should be paid ; third, so much of the money as is left, should be applied upon the orders of L. Bros., so far as it will go.

APPEAL.

KING, J.

This action is brought from the court below to this court. It is in the nature of a bill of interpleader. The C. K. of A. Hall company is a corporation, who, two or three years ago, constructed a brick block in this city, and there arises some controversy about mechanics' liens, and the plaintiff in its petition brought in all these claims in order to have the matters adjudicated in one action, so as to determine the amount of their several bills and also whether they had liens or not, and also to determine how much the plaintiff was liable to pay. The action was brought in the common pleas and the amounts determined and as to the liens of the holders, and they were allowed liens as subcontractors and laborers on this building for their several amounts, and the amount to be paid, or which was to be divided among them, was also ascertained.

Since the decree was rendered in that case, the supreme court of Ohio, as is well known, has determined that the section of the act of the legislature of 1894, under which these men filed their claims or liens, is unconstitutional ; and some different questions now arise in this court then arose in the court of common pleas. None of these parties could have liens under the act of 1894, and it was conceded, upon the hearing, that none of them would be entitled to liens under the old act—which the act of 1894 undertook to repeal, except possibly one by the name of

Reynolds; and as to him, we think it is clear from the evidence (and whether his lien is in proper form or not, is not material) he did not file it with the owner until after the expiration of more than sixty after the completion of the work. His bill for the work was dated January 11, 1895, and he testifies that he presented it to the secretary of the Hall company, but was told that it was incorrect—as another person had presented a bill for the same item, that is, embracing the same labor and material. He says he went away and got the bill corrected, and then, on the 25th of March, for the first time, left it with the secretary of the company. That would make it more than sixty days after the date of his bill; and thus we are not called upon to pass on the question incidentally referred to in the case—whether the unconstitutionality of the act of 1894 left the old act in force. We think there was not any lien here, and the contest then assumes an entirely different form.

Lloyd Brothers, the defendants here, claim, that in January of the year when this contract for the erection of the building was made, they obtained from the contractor, Halter, two orders, amounting to about $1,600, and that they thereby received an equitable assignment of so much of the building fund still unpaid and in the hands of the company, as would pay their claims, provided there was that much in the treasury, and it is contended that at the time they received those orders there were $4,000 unpaid in the hands of the company.

It is also claimed that Mr. Reynolds received an assignment. Mr. Reynolds had a bill of his claim, which he presented to the contractor, and, although he did not get any order, that it was marked by the contractor upon the bill that it was " O. K.," and that he understood he was to present it to the C. K. of A. Hall company and get his money therefor. There may have been enough in that to show a verbal order for the payment of his bill, but we are not prepared to hold that either of these parties have what is termed in law an equitable assignment of this fund, for the reason, as suggested by counsel in argument, that this corporation had a contract with the builder, which provided that the builder, before he received his pay, must pay all the claims for labor and material incurred upon this building.

In addition to that, there was a bond signed by the contractor and by one of these main lienholders, and by the president of another of the claimed lienholders, and by the Lloyd Brothers, whose relations to the Lloyd Brothers Company is not set forth in the proofs here; and that bond provided that before Halter, the contractor, could demand or receive his pay under it, all the claims and demands against him for labor and material entering into the building must be paid, and that all liens upon the building must be cleared off; so we think that at the time when Lloyd Brothers & Company received these orders—or whatever they may have been—from Halter, though there was still $4,000 in the hands of the corporation unexpended, the corporation had a right to hold that money until they knew that all claims were paid. The proof shows that after the date of those orders there were sundry people—labor men and material men—presenting claims to the company; and they were sent to the signers of this bond, who gave orders, in connection with the contractor, upon this fund to the C. K. of A. Hall company, which paid out about $3,000 of the money in their hands, and all of this went to pay actual material and labor that went into their building, for which they were holden on this bond, and for the payment of which they had the additional promise of the contractor in the contract itself, they should be

CIRCUIT COURTS. 205

C. K. of A. Hal. Co. v. The Lloyd Bros. Co. et al.

relieved from paying, and we think they were justified, under all these circumstances, in paying any of these subsequent claims, and that the C. K. of A. Hall company should not be required now to account for more than the balance of the moneys which, it is said, is unexpended in their hands—$1,269 and some cents—which we think should bear interest to be computed from the first of April, about sixty days after the completion of the work. We think they ought to be fairly charged with this interest, for, in filing this bill of interpleader, they did not bring the money into court—although they said they would do so when it was determined to whom it should be payable.

While we are not willing to say that these orders, written or verbal, are of the force and effect of an equitable assignment of a part of the money, so as to authorize an action on the part of the holder of an order directly against the drawee for the payment of the money, we are inclined to think that the holders of these orders are entitled to some rights superior to those of the other claim holders who have not such orders. In other words, we think they are entitled to this fund and should have an order on this fund. This fund is all there is left fairly in the hands of the company, to be paid out, and we think they should receive it.

We are also of the opinion that Mr. Reynolds—having received his order in connection with a verbal order, before the Lloyd Brothers Company—that he should be paid first; and that there should be paid out of the funds in the hands of the C. K. of A. Hall company (to which interest should be added, as I have suggested), first, the costs in this court and the costs of the plaintiff in the court of common pleas in bringing the parties into court. All other costs made in the court of common pleas, in the establishment of liens, should be paid by the defendant lienholders. That would leave, to be paid out of the fund the costs of the plaintiff in the court of common pleas in getting service upon the defendants, and the costs in this court, including one-half day's stenographer's fees. In the second place, the claim of Mr. Reynolds, for $350 only, should be paid. In the third place, so much of the money as is left should be applied upon the orders of Lloyd Brothers Company, so far as it will go; and this is our decree.